Pangburn v. Smith.

Same Term. *Before the same Justices.*

Pangburn vs. Smith.

An officer who collects a district school tax, by a sale of property under a warrant issued by the trustees of the school district, is not subject to the provisions of the title of the revised statutes relative to distraining cattle, &c.; nor liable to the penalty of $25 imposed by the 23d section, for a neglect to file, in the town clerk's office, the papers mentioned in the 22d section.

Error to the Herkimer county court. The facts are stated in the opinion of the court.

*Lake & Tracy,* for the plaintiff in error.

*J. Benedict,* for the defendant in error.

*By the Court,* Gridley, J. Pangburn was a school district collector in the town of Russia, Herkimer county, and by virtue of a warrant for the collection of a school district tax, assessed for the building of a school house, levied on and sold property of Smith. Smith sued Pangburn before a justice for the penalty of $25, which the 23d section of the act entitled "of distraining cattle, &c. and of distraining in other cases," gives for omitting to file, pursuant to the 22d section, certain papers therein directed to be filed with the clerk of the town, where the sale, which the act authorizes, was made. A recovery was had before the justice, and the judgment was affirmed by the county court. The plaintiff in error sold the property in ques-

Pangburn *v.* Smith.

tion under a warrant of the trustees of the school district which commanded him to levy of the goods and chattels of any person who should not pay on demand, the sum set opposite his name "*in the same manner as on warrants issued by the board of supervisors to the collectors of towns.*" (2 *R. S.* 478, (484,) § 98, [88].)  By the 2d section of the act concerning the collection of taxes, (1 *R. S. p.* 387, [397],) it is provided, that in case any person shall refuse or neglect to pay the tax imposed on him, the collector shall levy the same by distress and sale of the goods and chattels of the person who ought to pay the same, or of any goods and chattels in his possession.  The 3d section directs that the sale shall be by auction, on a six days' notice of the time and place of sale posted in at least three public places in the town where such sale shall be made. The 4th section provides that in the case of a surplus remaining after the sale, the same shall be paid to the person who had the property in possession when the distress was made, if no claim be made by any other person ; and in the case of such claim being made and admitted, then that the surplus be paid to the person making it ; but if not admitted, then that the surplus be paid over to the supervisor of the town, who shall retain the same until the rights of the claimants are settled by law. It appears from these sections that the provision, regulating the proceedings on a distress and sale of goods for a school district tax, are very special, leaving nothing to the discretion of the officer, but prescribing his duty in very clear and precise terms, in every step of his course from the levy to the collection of the tax, and the final disposition of the surplus remaining after the sale.

The question now arises, whether the officer who collects a district school tax, is subject to the provisions contained in sections 20 to 24, of the act first cited.  (2 *R. S.* 428, [520].)  We are of the opinion that he is not.

I. The case is not within the words or the spirit of the enactments in question.  The intent of the act was to prescribe the manner of proceeding in cases in which the law had made no provision regulating the manner of making the distress and

sale. The 20th section declares that when, by the provisions of any statute, any officer is authorized to distrain on any property, for any purpose whatever, " and no *special provision shall otherwise be made*," he shall cause five days' notice of the sale to be given by posting, &c. The 21st section directs the officer before the sale to cause the property to be appraised, and a certificate of the appraisers to be made in writing, with an inventory of the property distrained : and the 22d section provides that within ten days after the sale, the officer shall file with the clerk of the town, &c. his own affidavit specifying the amount of the penalty, tax, &c. for which the sale was made, proof by affidavit of the notice having been given, together with the inventory and certificate of the appraisers. The 23d section imposes a penalty of $25 for omitting to file such papers : and the 24th section enacts that the surplus moneys remaining after such sale, shall be paid to the county treasurer, for the benefit of the owner of the property. A single glance at these provisions shows that they were enacted to apply, as the 20th section expressly declares, to cases where *no special provision had been made by law* regulating the proceedings of the officer. Hence, the particular directions given as to every step which the officer shall take. But we have already seen that very special provisions have been made regulating every step of the proceedings for the collection of a school district tax.

II. An additional and conclusive argument in favor of the plaintiff in error is, that the proceedings which the officer is compelled by law to adopt in the collection of the tax, are totally different from those prescribed in the sections we have considered. The school district collector was bound to advertise six days, by the express direction of the act; but if he is embraced in the class of cases provided for by the 20th section, he need advertise only five days. Again ; the collector is to pay the surplus moneys collected, to the owner of the property or to the supervisor ; while the officer who is acting under the 24th section of the general act pays his surplus to the county treasurer. No further illustration need be given to show that the provisions in question were never intended to apply to a

Pangburn *v.* Smith.

collector who collects his tax under a written warrant and pursuant to the very explicit directions of the statute.

III. The revisers' note to the sections under consideration shows that they were intended to apply, not to cases where an officer distrained by virtue of a written warrant, but to cases where the law authorized a summary distress and sale without any statutory regulations for the conduct of the officer. The revisers say: " There are various cases in which subordinate officers are allowed summarily to distrain on property, as for the collection of canal tolls and penalties. It seems necessary as well for the protection of the officer as the owner of property, to provide the mode of proceeding and the manner of disposing of any surplus; and to preserve the evidence of the cause of the seizure and of the regularity of the proceedings." It certainly was not necessary to make provision for any of these purposes in the case of a collector of a town or of a school tax; for the law had made ample provision already. It therefore cannot be said that the case at bar was one of the cases intended to be embraced by the provisions in question.

IV. But a recovery has been had under this act for a very severe penalty. And the rule is, that all statutes which impose penalties and forfeitures shall be construed strictly. Therefore if on the construction of this act there be any reasonable doubt, the construction should be against the interpretation which should give the penalty. The cause however does not need the application of this rule; for it is very clear that the act under which this penalty was recovered was wholly inapplicable to the case of a school collector.

The judgments of the county court and of the justice must therefore be reversed.